MATTOCH & KIRLEY, LLLC

IAN SCOTT MATTOCH        7251-0
scott@mattochkirley.com
DANIEL P. KIRLEY          6205-0
dan@mattochkirley.com
Bishop Square, Pauahi Tower
1003 Bishop Street, Suite 890
Honolulu, Hawai'i  96813
Telephone:  808-523-2451
Facsimile:   808-531-2652

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LYDIA H. SADAOKA, | CASE NO. 1:21-cv-00363 JAO-KJM |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | |
| TARGET CORPORATION, a foreign profit corporation; MITSUBISHI ELECTRIC US, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10 , | TRIAL DATE: August 21, 2023 |
| Defendants. | |

TARGET CORPORATION,

        Third-Party
        Plaintiff,

    vs.

MITSUBISHI ELECTRIC US, INC.,

        Third-Party
        Defendant.

## FIRST AMENDED COMPLAINT

Comes now Plaintiff LYDIA H. SADAOKA, by and through her attorneys, MATTOCH & KIRLEY, LLLC, as and for her claims for relief against the above-named defendants, and hereby alleges and avers as follows:

## COUNT I

1.      At all times relevant herein, Plaintiff LYDIA H. SADAOKA was a resident of the City and County of Honolulu, State of Hawai'i.

2.      At all times relevant herein, Defendant TARGET CORPORATION was a foreign profit corporation incorporated in the State of Minnesota and doing business in Honolulu, Hawai'i, as the retail store "TARGET" (hereinafter "Defendant TARGET").

3.      At all times relevant herein, Defendant MITSUBISHI ELECTRIC US, INC. ("Defendant MITSUBISHI") was a foreign profit

corporation incorporated in the State of Delaware and doing business in Honolulu, Hawai'i.

4.      At all times relevant herein, Defendant TARGET owned, leased and/or controlled the premises at Ala Moana Center, 1450 Ala Moana Boulevard, Ste 2401, Honolulu, Hawai'i, for the purpose of operating a retail department store open to the general public ("subject premises").

5.      At all times relevant herein, Defendant MITSUBISHI contracted with Defendant TARGET to repair, service and maintain the escalators and elevators on the subject premises.

6.      Defendants John Does 1-10, Jane Does 1-10, Doe Corporations 1-10, Doe Partnerships 1-10, Doe Non-Profit Entities 1-10, and Doe Governmental Entities 1-10 (hereinafter collectively referred to as "Doe Defendants") are persons, corporations, partnerships, business entities, non-profit entities, and/or governmental entities who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to the injuries and damages sustained by Plaintiff.  Plaintiff has been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation that has been conducted to date.  Accordingly, Plaintiff had sued the unidentified Doe Defendants herein with fictitious names pursuant to Rule 17(d) of the Hawai`i Rules of Civil Procedure, and Plaintiff will substitute the true names, identities, capacities, acts and/or

omissions of the Doe Defendants when the same are ascertained.  Doe Defendants

are vicariously liable for the negligence of their respective employees under the

doctrine of *respondeat superior*.

7.     Doe Defendants include all entities that, on or about July 22,

2020, and at all other times relevant herein, owned, maintained, operated,

controlled, managed and were otherwise responsible for the escalator within and

on the subject premises.

8.     On or about July 22, 2020, while Plaintiff LYDIA H.

SADAOKA was shopping on the subject premises, she wanted to get to the lower

level.  A TARGET employee directed her to use the non-working escalator and at

the bottom of the escalator, Plaintiff LYDIA H. SADAOKA missed the last step

and fell fracturing her ankle.  As a result, Plaintiff LYDIA H. SADAOKA

sustained serious injuries ("subject incident").

9.     On or about July 22, 2020, and at all other times relevant

herein, Defendant TARGET and Defendant MITSUBISHI each acted in a careless

and negligent manner in that Defendant TARGET and Defendant MITSUBISHI

each created and maintained, and otherwise knew or should have known of, the

unreasonably dangerous conditions of the subject escalator and/or escalator

equipment that proximately caused the subject incident, and because Defendant

TARGET and Defendant MITSUBISHI each failed to maintain, inspect, repair,

keep safe, replace warn of, or otherwise maintain the subject escalator and/or escalator equipment.

10. On or about July 22, 2020, and at all other times relevant herein, Defendant TARGET and Defendant MITSUBISHI each acted in a careless and negligent manner in that Defendant TARGET and Defendant MITSUBISHI each failed to properly repair and/or maintain the subject escalator and/or escalator equipment in accordance with all applicable safety codes, standards, laws and regulations.

11. Defendant TARGET and Defendant MITSUBISHI are each vicariously liable for the negligence of its employees and/or agents acting within the course and scope of their employment under the doctrine of *respondeat superior*.

12. As a direct and proximate result of the negligence of Defendant TARGET and Defendant MITSUBISHI, Plaintiff LYDIA H. SADAOKA sustained severe and permanent injuries, incurred and will continue to incur medical and rehabilitative expenses, suffered serious mental and emotional distress, among other categories of general and special damages as will be shown at the time of trial.

**COUNT II**
**(Negligence - Failure to Maintain)**

13.     Plaintiff realleges and incorporates by reference all of the allegations contained in the First Amended Complaint as though fully set forth and repeated here.

14.     Defendant TARGET and Defendant MITSUBISHI each negligently failed to maintain the subject escalator and/or escalator equipment prior to and on the date of the subject incident, despite actual or constructive knowledge and/or notice of the dangerous conditions of said escalator and/or escalator equipment.

15.     As a direct and proximate result of the aforesaid negligence, Plaintiff LYDIA H. SADAOKA sustained injuries and damages as alleged herein.

**COUNT III**
**(Negligence - Failure to Warn)**

16.     Plaintiff realleges and incorporates by reference all of the allegations contained in the First Amended Complaint as though fully set forth and repeated here.

17.     On or about July 22, 2020, and at all other times relevant herein, Defendant TARGET and Defendant MITSUBISHI each negligently failed to provide any warning, or any adequate warning, of the hazardous conditions of the subject escalator and/or escalator equipment, despite actual or constructive

knowledge and/or notice of said condition~~s~~, thereby allowing ~~an~~ unreasonably dangerous condition~~s~~ to exist on the subject premises.

18.    As a direct and proximate result of said negligence, Plaintiff LYDIA H. SADAOKA sustained injuries and damages as alleged herein.

WHEREFORE, Plaintiff LYDIA H. SADAOKA demands judgment against Defendant TARGET and Defendant MITSUBISHI, and any defendants named later, jointly and severally, for general and special damages in amounts that will be proven at trial, and for her costs, interest from the date of the incident, reasonable attorneys' fees, and such other relief as he Court deems just and proper.

DATED:  Honolulu, Hawai'i, June 20, 2022.

*/s/ Daniel Kirley*

_____

IAN SCOTT MATTOCH
DANIEL P. KIRLEY
Attorneys for Plaintiff